## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARRIE BAKER,                          :
                                       :
            Plaintiff,                 :     No. 1:22-cv-01481-SHR
                                       :
    v.                                 :     Filed via ECF
                                       :
GREEN THUMB INDUSTRIES, INC.,          :
                                       :
            Defendant.                 :
                                       :

## ANSWER TO COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Green Thumb Industries Inc., ("GTI") hereby answers the Complaint of Plaintiff Carrie Baker in accordance with the numbered paragraphs thereof and asserts affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

Admitted in part; denied in part.  GTI admits only that Ms. Baker filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), resigned from her employment with GTI, and purports to proceed as stated.  GTI denies the remaining averments in the unnumbered Preliminary Statement paragraph.  By way of further answer, GTI specifically denies that it engaged in any conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human

Relations Act ("PHRA"), or any other statute and further denies that Ms. Baker is entitled to damages of any kind.

## JURISDICTION

1.     The averments in Paragraph 1 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 1 are denied.

## VENUE

2.     The averments in Paragraph 2 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, GTI admits Ms. Baker worked for GTI at its store in Steelton, Pennsylvania, which is a location over which the United States District Court for the Middle District of Pennsylvania has jurisdiction.  GTI denies the remaining averments in Paragraph 2.

## CONDITIONS PRECEDENT

3.     Admitted in part; denied in part.  GTI only admits that Ms. Baker filed a Complaint with the PHRC, No. 201801167, dated November 2, 2018, alleging sex discrimination and age discrimination, and dually filed it with the Equal Employment Opportunity Commission ("EEOC").   GTI denies the remaining averments in Paragraph 3.  By way of further answer, GTI specifically denies violating Title VII, the ADEA, the PHRA, or any other statute and denies Ms. Baker is entitled to damages of any kind.

4.      Admitted in part; denied in part.  GTI admits only that on June 7, 2019, Ms. Baker resigned from her employment with GTI, and filed a Charge of Discrimination with the EEOC, No. 530-2020-00521, dated May 12, 2020, alleging retaliation and age discrimination.  GTI denies the remaining averments in Paragraph 4.  By way of further answer, GTI specifically denies violating Title VII, the ADEA, the PHRA, or any other statute and denies Ms. Baker is entitled to damages of any kind.

5.      Admitted in part; denied in part.  GTI admits only that the EEOC issued a Right to Sue Notice dated June 27, 2022.  The Right to Sue Notice is a document that speaks for itself.  GTI denies the remaining averments in Paragraph 5.

6.      The averments in Paragraph 6 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 6 are denied.

**PARTIES**

7.      Admitted in part; denied in part.  GTI admits, upon information and belief, that Ms. Baker resides in Steelton, Pennsylvania.  GTI also admits that Ms. Baker is an adult individual and worked at GTI's Steelton, Pennsylvania store, which operates under the name RISE Medical Marijuana Dispensary.  GTI denies the remaining averments in Paragraph 7.

3

8.     Admitted in part; denied in part.  GTI admits that it conducts business in Chicago, Illinois and sells cannabis products.  GTI also admits that it operates stores under the name RISE Medical Marijuana Dispensary in states, including Pennsylvania, and that Ms. Baker worked at its store in Steelton, Pennsylvania.  The remaining averments in Paragraph 8 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the remaining averments are denied.

## FACTS

9.     Admitted in part; denied in part.  GTI admits, upon information and belief, that Ms. Baker was born in 1964.  GTI also admits that Ms. Baker worked at its store in Steelton, Pennsylvania from April 25, 2018, until she resigned from her employment on June 7, 2019.  GTI denies the remaining averments in Paragraph 9.

10.     GTI is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint about Ms. Baker's education, advocacy, and employment background, and therefore, the averments of this Paragraph are deemed denied.

11.     Admitted in part; denied in part.  GTI admits only that it hired Ms. Baker as a part-time Patient Care Specialist at its store in Steelton, Pennsylvania and she earned $13.00 per hour.  GTI denies the remaining averments in Paragraph 11.

12.     Admitted in part; denied in part.  GTI admits only that it extended an offer of employment to Ms. Baker.  The email referenced in Paragraph 12 of the Complaint is a document that speaks for itself.  GTI denies the remaining averments in Paragraph 12.

13.     The statute cited in Paragraph 13 of the Complaint speaks for itself. GTI denies the remaining averments in Paragraph 13.

14.     Admitted in part; denied in part.  GTI admits only that it terminated Kathleen Newcomer on September 17, 2018; Nzinga Morris on June 9, 2018; Kenita Honesty on June 7, 2019; and Marcia McCarroll on September 3, 2019.  GTI denies the remaining averments in Paragraph 14.

15.     Admitted in part; denied in part.  GTI admits only that Tel White was the Store Manager for GTI's store in Steelton, Pennsylvania, at the beginning of Ms. Baker's employment.  GTI denies the remaining averments in Paragraph 15.

16.     Admitted in part; denied in part.  GTI admits only that on June 9, 2018, it terminated Nzinga Morris's employment and she held the Assistant Manager position at that time.  GTI denies the remaining averments in Paragraph 16.

17.     Admitted in part; denied in part.  GTI admits only that Ms. Baker's 2018 Mid-Year Performance Evaluation is dated June 2, 2018, and Ms. Baker signed it on June 21, 2018.  Ms. Baker's 2018 Mid-Year Performance Evaluation is a

document that speaks for itself.  GTI denies the remaining averments in Paragraph 17.

18.     Admitted in part; denied in part.  GTI admits only that on June 16, 2018, it changed Ms. Baker's and Kevin Thomas's employment status from part-time to full-time and offered them a new $14.50 hourly rate and eligibility for paid-time-off, holiday pay, and medical, dental, and vision plan benefits.  GTI denies the remaining averments in Paragraph 18.

19.     Denied.

20.     Denied.

21.     Admitted in part; denied in part.  GTI admits that in November 2018, Mr. White moved from the Store Manager position to a different position at GTI. GTI also admits that, after that happened, Chris Rich became Store Manager and Kevin Thomas became Shift Supervisor at GTI's store in Steelton, Pennsylvania. GTI denies the remaining averments in Paragraph 21.

22.     Admitted in part; denied in part.  GTI admits that Ms. Baker filed a Complaint with the PHRC dated November 2, 2018, and that she was fifty-four years old at that time.  GTI also admits that on November 1, 2018, Ms. Baker emailed human resources about not receiving a promotion.  GTI denies the remaining averments in Paragraph 22.  By way of further answer, GTI specifically denies Ms.

Baker complained to human resources about discrimination on November 1, 2018, and that GTI retaliated against her.

23.     Denied.  By way of further answer, GTI specifically denies that it retaliated against Ms. Baker.

24.     Admitted in part; denied in part.  GTI admits only that Ms. Baker received a "Needs Improvement" rating on her 2018 Year-End Performance Evaluation, dated December 10, 2018.  GTI denies the remaining averments in Paragraph 24.  By way of further answer, GTI specifically denies that it retaliated against Ms. Baker.

25.     Denied.  By way of further answer, the 2018 Year-End Performance Evaluation is a document that speaks for itself.

26.     Denied.  By way of further answer, the 2018 Year-End Performance Evaluation is a document that speaks for itself.

27.     Denied.  By way of further answer, GTI specifically denies that it retaliated against Ms. Baker.

28.      GTI is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 of the Complaint about Ms. Baker's employment background and disciplinary history at other jobs, and therefore, those averments are deemed denied.  GTI denies the remaining averments in Paragraph 28.

29.    Admitted in part; denied in part.  GTI admits only that Ms. Baker submitted an application for the Store Manager position at GTI's store in York, Pennsylvania, and that in response, GTI told Ms. Baker she was only qualified to apply for a Shift Supervisor role.  GTI denies the remaining averments in Paragraph 29.

30.    Admitted in part; denied in part.  GTI admits only that on February 16, 2019, Ms. Baker received a Formal Write-Up following Ms. Baker's verbal altercation with a coworker.  GTI denies the remaining averments in Paragraph 30.

31.    Denied.

32.    Admitted in part; denied in part.  GTI admits only that on March 19, 2019, Ms. Baker received a Final Warning because she sought alternative employment on GTI equipment and for her unprofessional behavior in the presence of patients.  GTI denies the remaining averments in Paragraph 32.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.   By way of further answer, GTI specifically denies that it retaliated against Ms. Baker.

38.     Admitted in part; denied in part.  GTI admits that on June 2, 2019, Mr. Rich informed Ms. Baker about a complaint GTI received regarding Ms. Baker's attitude and demeanor.  GTI also admits that Ms. Rich told Ms. Baker that GTI was investigating the complaint and that Ms. Rich would schedule a follow-up meeting with Ms. Baker to discuss the investigation's findings.  GTI denies the remaining averments in Paragraph 38.

39.     GTI is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint about Ms. Baker's text messages with others, and therefore, those averments are deemed denied.  GTI denies the remaining averments in Paragraph 39.

40.     Admitted in part; denied in part.  GTI admits only that Ms. Baker resigned from her employment with GTI.  GTI denies the remaining averments in Paragraph 40.  By way for further answer, GTI specifically denies that it harassed Ms. Baker or that it discriminated or retaliated against her.

41.     Admitted in part; denied in part.  GTI admits only that on June 7, 2019, Ms. Baker sent a text message to Tim Hawkins resigning from her employment with GTI.  The email cited in Paragraph 41 is a document that speaks for itself.  GTI denies the remaining averments in Paragraph 41.

42.     Denied.

43.    GTI is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 of the Complaint about Ms. Baker's employment after she resigned from GTI, and therefore, those averments are deemed denied.  GTI denies the remaining averments in Paragraph 43.

## COUNT I

44.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

45.    Title VII is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

46.    Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

47.    Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

48.    Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

49.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT II

50.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

51.     The PHRA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

52.     Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

53.     Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT III

54.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

55.     The ADEA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

56.     Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

57.     Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

58.     Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

59.     Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

**COUNT IV**

60.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

61.    The PHRA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

62.    Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

63.    Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

**COUNT V**

64.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

65.    Title VII is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

66.    The averments in Paragraph 66 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 66 are denied.

67.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

68.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

69.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

70.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT VI

71.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

72.     The ADEA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

73.    The averments in Paragraph 73 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 73 are denied.

74.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

75.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

76.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

77.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

**COUNT VII**

78.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

79.   The PHRA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

80.   Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

81.   Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT VIII

82.   The foregoing paragraphs are incorporated by reference as if fully set forth herein.

83.   Title VII is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

84.   The averments in Paragraph 84 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 84 are denied.

85.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

86.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

87.     Denied.  By way of further answer, GTI specifically denies violating Title VII or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT IX

88.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

89.     The ADEA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

90.     The averments in Paragraph 90 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments in Paragraph 90 are denied.

91.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

92.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

93.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

**COUNT X**

94.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

95.    The PHRA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

96.    Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

97.    Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

**COUNT XI**

98.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

99.    The ADEA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

100.    Admitted in part; denied in part.  GTI admits only that Ms. Baker was fifty-five years-old when she resigned from her employment with GTI on June 7, 2019.  GTI denies the remaining averments in Paragraph 100.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

101.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

102.    Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

103.   Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

104.   Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

105.   Denied.  By way of further answer, GTI specifically denies violating the ADEA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## COUNT XII

106.   The foregoing paragraphs are incorporated by reference as if fully set forth herein.

107.   The PHRA is a statute that speaks for itself.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

108.   Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

109.   Denied.  By way of further answer, GTI specifically denies violating the PHRA or any other statute and denies that Ms. Baker is entitled to damages of any kind.

## REQUESTED RELIEF

WHEREFORE, GTI respectfully requests that the Court enter judgment in its favor and against Ms. Baker, together with costs, attorneys' fees, and such further relied as this Court just and proper.

## AFFIRMATIVE DEFENSES

1.   Ms. Baker's claims are barred, in whole or in part, by the applicable statutes of limitations.

2.   Ms. Baker's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

3.   GTI exercised reasonable care to prevent and correct promptly any discrimination or harassment or retaliation and Ms. Baker unreasonably failed to properly take advantage of any preventative or corrective opportunity provided by GTI or to avoid harm otherwise.

4.   Ms. Baker failed to mitigate her damages, if any, and GTI is entitled to an offset to the extent of any mitigation.

5.   GTI denies violating the ADEA, or any other statute or law; however, if GTI violated the ADEA, GTI did not act in reckless disregard to Ms. Baker's

rights, and therefore, Ms. Baker is not entitled to liquidated damages for her ADEA claim.

GTI reserves the right to raise all other defenses that may become available during discovery and any other proceeding in this action.

Dated: November 22, 2022                    *s/ Rachel Fendell Satinsky*
                                            Rachel Fendell Satinsky (PA No. 308751
                                            rsatinsky@littler.com
                                            Tanner McCarron (PA No. 327855)
                                            tmccarron@littler.com

                                            LITTLER MENDELSON, P.C.
                                            Three Parkway
                                            1601 Cherry Street, Suite 1400
                                            Philadelphia, PA  19102.1321
                                            267.402.3000 (t)

                                            *Attorneys for Defendant*
                                            *Green Thumb Industries Inc.*

## **CERTIFICATE OF SERVICE**

I, Rachel Fendell Satinsky, hereby certify that on this 22nd day of November 2022, the foregoing Answer to Complaint and Affirmative and Other Defenses was filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky